```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

UTILITY WORKERS UNION OF )
AMERICA, LOCAL 335, )
    )
            Plaintiff, )
    )
      v. ) No. 4:09 CV 1875 DDN
    )
MISSOURI-AMERICAN WATER )
COMPANY, )
            Defendant. )

**MEMORANDUM AND ORDER**

This action is before the court on the motions of defendant Missouri-American Water Company to dismiss the complaint (Docs. 7, 20) and of plaintiff Utility Workers Union of America, Local 335, to dismiss defendant's counterclaim (Doc. 13). Oral arguments were heard on September 9, 2010.

## I. BACKGROUND

Plaintiff Utility Workers Union of America, Local 335 (Union) commenced this action against Missouri-American Water Company (Company) to confirm a June 15, 2009 arbitration award and to compel the Company to return for further arbitration. In its first amended complaint, the Union alleges that the arbitrator's award sustained its grievance that the Company added duties to the Distribution Load Control Center (DLCC) Operators job classification but failed to negotiate a wage increase for that classification. It alleges the arbitrator retained jurisdiction over the dispute and directed the Company to negotiate a wage for the classification. In Count I of its first amended complaint, the Union seeks a declaratory judgment confirming the liability portion of the arbitration award. In Count II, the Union seeks an order that the Company participate in arbitration proceedings to determine the amount of the wage for the DLCC Operator classification.

In its counterclaim to the Union's original complaint, the Company seeks to vacate the arbitrator's award and his September 28, 2009 letter clarifying the award, to the extent that they authorize the arbitrator to decide the amount of the DLCC Operator wage.

## II. MOTIONS TO DISMISS

Both the Company and the Union have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). In its first motion to dismiss, the Company seeks to dismiss both counts contained in the Union's original complaint. In its second motion to dismiss, the Company seeks to dismiss Count I of the Union's amended complaint. In its motion to dismiss, the Union seeks to dismiss the Company's counterclaim.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003).

Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), a complaint must include enough facts to state a claim for relief that is *plausible* on its face. The allegations must be enough to "raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

A complaint must be liberally construed in the light most favorable to the plaintiff. See id. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 569 n.14, 570.

**A.   Company's Motion to Dismiss Union's Original Complaint**

As to Count I of the original complaint, the Company argues that the June 15, 2009 arbitration award cannot be confirmed because it is not a final award. That is so, because the Union alleged in its original complaint that the June 15, 2009 arbitration award requires further arbitration to determine the amount of the DLCC Operator wage, and because such further arbitration has not occurred. Therefore, the June 15, 2009 arbitration award is not final, thus making confirmation improper at this time. As to Count II, the Company argues that the Union's attempt to compel further arbitration to determine the amount of the DLCC Operator wage is inconsistent with its argument in Count I – that the June 15, 2009 arbitration award was a final award, and thus Count II must be dismissed.

In response, the Union argues that its first amended complaint abandoned confirmation of the entirety of the June 15, 2009 arbitration award, and now only seeks a declaratory judgment over the liability portion of the award. Thus, according to the Union, the Company's motion to dismiss the Union's complaint should be denied as moot.

The Company's motion to dismiss the Union's original complaint challenges a pleading which has been supplanted by the changed allegations in the first amended complaint. Because the Union no longer seeks confirmation of the entire arbitration award, the Company's motion to dismiss with respect to Count I is moot. See, e.g., Onyiah v. St. Cloud State University, 655 F. Supp. 2d 948, 958 (D. Minn. 2009).

Count II of the Union's original complaint depended upon allegations in Count I. The original Count II has been replaced by the amended complaint; the original Count II is no longer viable. See, e.g., Onyiah, 655 F. Supp. 2d at 958.

The Company's motion to dismiss the original complaint on its merits is denied as moot.

**B. Company's Motion to Dismiss Count I of the Amended Complaint**

The Company also moves to dismiss Count I of the Union's amended complaint. Count I seeks a declaratory judgment confirming the liability portion of the arbitrator's award. The Company argues that the arbitration award is not a final award, and that the Union has implicitly recognized this in its arguments. The Company argues that a declaratory judgment would effectively be a confirmation, and thus Count I fails for lack of a final award, given the Union's argument that the award requires further arbitration to determine the amount of the wage.

In response, the Union argues that under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), an arbitration award need not be final to obtain a declaratory judgment as to the rights and other legal relations of any interested party. The Union further argues that a declaratory judgment is a proper avenue of relief, and it is not merely circumventing the confirmation requirements. The Union also argues that it is permitted to plead in the alterative.

The Company replies that the Union has not shown that a court can confirm a non-final arbitration award via a declaratory judgment. The Company also argues that courts have developed a body of common law

surrounding Section 301 of the Labor Management Relations Act of 1947, and that common law requires a final award as a prerequisite to confirmation.

"District courts have discretion to decide whether to entertain declaratory judgment actions: 'any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration. . . .'" BASF Corp. v. Symington, 50 F.3d 555, 557 (8th Cir. 1995) (quoting 28 U.S.C. § 2201). Given the discretionary nature of the relief, "an important factor in exercising . . . discretion is whether the declaratory judgment plaintiff has another, more appropriate remedy." Glover v. State Farm Fire and Cas. Co., 984 F.2d 259, 261 (8th Cir. 1993). See also Geico Ins. Co. v. Estate of Schmidt, No. A2-96-120, 1999 WL 33283325, at *2 (D.N.D. Mar. 30, 1999). Given that the Union seeks a declaration of the parties' rights with respect to the liability portion of the arbitration award, a declaratory judgment in this respect may be an appropriate remedy.

The motion to dismiss Count I of the amended complaint is denied.

**C.  Union's Motion to Dismiss Company's Counterclaim**

The Company's counterclaim seeks to have the court vacate the portion of the arbitration award and his letter dated September 28, 2009, to the extent that they assert that the arbitrator has authority to arbitrate the DLCC Operators classification wages because the parties' post-arbitration negotiations failed. The Union argues that the Company's counterclaim to vacate the arbitration award violates the applicable 90-day Missouri statute of limitations for challenging arbitration awards. The Union argues that the limitations period began to run either on June 15, 2009 (the date of the arbitration award) or September 17, 2009 (the date on which the Union notified the Company of its intent to arbitrate the amount of the DLCC Operator wage). Thus, whichever 90-day limitation period applies, it was exceeded by the Company's filing of its counterclaim on December 22, 2009.

The Company responds that its counterclaim is timely because the deadline did not start to run until September 28, 2009, when the Arbitrator issued his letter which stated that he had authority under the CBA to arbitrate the subject wage. The Company argues that the Arbitrator's September 28, 2009 letter was a clarification letter, which

- 4 -

for the first time expressed his authority to determine the amount of the wage.

The Union replies that no exception applies because the Company was aware that the arbitrator retained jurisdiction for the purpose of determining the amount of the wage if the parties could not agree to an amount. The Union argues that the arbitrator's grant of the Union's request to retain jurisdiction on June 15, 2009 was clear, thus starting the 90-day period. The Union also points to Section 3.20 of the CBA, which the Union argues impliedly grants the arbitrator authority to determine the amount of the wage. The Union further argues that the Company should be precluded from arguing that it was not aware the arbitrator retained the authority to determine the amount of the wage because an arbitrator previously found Section 3.20 as granting him such authority. Finally, the Union argues that the Company was aware of and agreed to the Arbitrator's retention of jurisdiction to determine the amount of the wage if the parties could not.

The arguments of the parties on the propriety of the Company's counterclaim require a careful consideration of materials outside the counterclaim document. The parties' cross-motions for summary judgment involve these matters. The court therefore denies the motion of the Union to dismiss the Company's counterclaim without prejudice to the court's consideration of the issues raised thereby on the cross-motions for summary judgment. See F. R. Civ. P. 12(d). The cross-motions for summary judgment are before the court for determination.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of the Company to dismiss the original complaint on its merits (Doc. 7) is denied as moot.

**IT IS FURTHER ORDERED** that the motion of the Union to dismiss the Company's counterclaim (Doc. 13) is denied without prejudice.

**IT IS FURTHER ORDERED** that the motion of the Company to dismiss Count I of the amended complaint (Doc. 20) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 30, 2010.